UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONARD A. RADLAUER | CIVIL ACTION |
| VERSUS | NO: 06-1737 |
| GREAT NORTHERN INSURANCE COMPANY, ET AL | SECTION A (4) |

ORDER AND REASONS

Before the Court is a **Motion to Remand and for Attorneys Fees and Rule 11 Sanctions (Rec. Doc. 5)**, filed by Plaintiff. Defendants Great Northern Insurance Company and Gerald Murray oppose the motion. The motion, set for hearing on May 8, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

I.   BACKGROUND

Plaintiff Leonard Radlauer filed suit against Great Northern Insurance Company ("Great Northern"), Gerald Murray and Insurance Underwriters Limited in state court on February 27, 2006. Defendants Great Northern Gerald Murray filed a Notice of Removal in this Court on

1

March 31, 2006.  In their notice of removal, defendants contend that this court has diversity jurisdiction over this matter.  They acknowledge that one of the defendants, Insurance Underwriters Limited ("Insurance Underwriters"), is a non-diverse defendant but argue that this defendant does not defeat this Court's subject matter jurisdiction because it was improperly joined.  Defendants contend that the joinder was improper because "the allegations against Insurance Underwriters are in no way related to the allegations against Great Northern [and Gerald Murray]."  (Def. Not. of Rem., ¶ 16).  They contend that Plaintiff joined Insurance Underwriters solely to defeat diversity and deny the other defendants a federal forum and thus ask this Court to assume full jurisdiction over this matter.  In response to the removal, Plaintiff has filed this Motion to Remand and for Attorneys Fees and Rule 11 Sanction.

## II.    DISCUSSION

### A.  The Parties' Contentions

Plaintiff argues that the joinder of Insurance Underwriters was not improper.  According to Plaintiff, the claims against that defendant *must* be joined with the claims against Great Northern and Gerald Murray because the damages recoverable against it are dependant on the outcome of the claim against Great Northern and Mr. Murray.

Plaintiff filed this suit after his house was damaged in Hurricane Katrina.  He alleges that at the time the hurricane hit, he was insured against damage to his home through a policy issued by Defendant Great Northern.  (Pla. Pet., ¶ 2).  Defendant Gerald Murray is an insurance adjuster employed by Defendant Great Northern Insurance Company.  Defendant Insurance Underwriters allegedly procured the policy for Plaintiff.  (*Id.* at ¶ 3).

Plaintiff contends, *inter alia*, that Great Northern failed to provide a copy of the homeowners policy timely, mislead Plaintiff as to the terms of the policy, dishonestly misrepresented to Plaintiff that payments were going to be made when they were not, and failed to make payments that were uncontested in law and fact. (*Id*. at ¶ 13). He seeks to recover for the damages he sustained as a result of this alleged conduct. (*Id.* at ¶¶ 14-17). Plaintiff further alleges that Insurance Underwriters is liable to him for misrepresenting the coverage provided for his home and for failing to tell him that excess flood insurance was not included in the Great Northern policy and failing to secure said coverage. (*Id.* at ¶¶ 18-19).

Plaintiff argues that his claims against Great Northern must be joined with those against Insurance Underwriters because any judgment rendered against the latter would be affected by the claims against the former. Plaintiff contends that if Great Northern is found not liable, Insurance Underwriters will owe the full amount of damage to the home. However, if Great Northern is found liable, damages assessed against it for structural repair and contents would have to be deducted from any judgment against Insurance Underwriters. Thus, Plaintiff reasons, the claims against the former are indispensable to the case against the latter. Otherwise, there could be double recovery.

Plaintiff contends that Defendants have improperly relied on 11th Circuit case law (namely, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)), which is not controlling, to remove this case to federal court. He further contends that Defendants have failed to acknowledge the Fifth Circuit decision of *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568 (5th Cir. 2004), which is controlling. Plaintiff suggests that *Smallwood* sets forth

the applicable test for determining whether there has been fraudulent joinder– where "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," that defendant has been fraudulently joined. (Pla. Memo., p.4 (quoting *Smallwood*, 385 F.3d at 573)). According to Plaintiff, an insurance agent owes certain duties to his clients under Louisiana law. Based on these duties, Plaintiff argues that he has alleged claims that could possibly result in recovery against Insurance Underwriters (the non-diverse defendant). Thus, he argues, there has been no fraudulent joinder, and the case should be remanded.

In further support of his argument for remand, Plaintiff cites a recent opinion issued from this district, *Charles Schwartz, Jr. v. Chubb & Sons, Inc.*, No. 05CV6885, 2006 WL 980673 (E.D. La. Apr. 11, 2006). He points out that Great Northern is a defendant in that case as well and is represented by the same counsel that represents it in this case. Great Northern also sought removal in that case, but the federal judge remanded the case to state court. In that case, Great Northern contended, *inter alia*, that there had been improper joinder because the peremptive period for filing a claim against the non-diverse defendant had expired. *See id.*, at *2. Here, Plaintiff contends, the circumstances for remand are more compelling than in *Schwartz* because Great Northern has not made any such argument but has merely alleged, in a conclusory fashion, that he cannot recover against Insurance Underwriters for its failure to properly advise him of the available excess coverages.

In addition to remand, Plaintiff requests that the Court impose sanctions on the removing defendants and order that they pay Plaintiff's attorneys fees. In support of these requests, he

argues that defendants' suggestion that Insurance Underwriters was joined to deny them a federal forum is both dishonest and presumptuous. He further argues that defendants have a duty to cite relevant cases that are adverse to it and suggests that defendants breached this duty by failing to address the 5th Circuit case of *Smallwood*, 385 F.3d 568.

The non-diverse defendants Great Northern and Gerald Murray oppose the motion to remand, arguing that Plaintiff has misconstrued the basis for their removal. They contend that the basis is not Plaintiff's failure to state a valid cause of action against Insurance Underwriters. Rather, their removal is based on their contention that the claims against Insurance Underwriters are unrelated to those against Great Northern and Mr. Murray. This basis of removal has been referred to by courts as "misjoinder." Defendants contend that the primary 5th Circuit case relied upon by Plaintiff, *Smallwood*, 385 F.3d 568, is inapplicable in this case, as its holding is limited and does not address the misjoinder argument made by Defendants.

Defendants cite the 11th Circuit case, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, (11th Cir. 1996), as the primary authority for their misjoinder argument. They contend that contrary to Plaintiff's assertions, courts have found that the 5th Circuit has adopted the *Tapscott* decision. (Def. Opp., p. 5 (citing *Polk v. Lifescan, Inc.*, No. 03CV020, 2003 WL 22938056, at *5 (N.D. Miss. Sept. 22, 2003)).

Defendants summarize the *Tapscott* principle as follows: "when a complaint alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper. (*Id.*). Defendants argue that the claims against Great Northern are wholly distinct and separate from the claims against Insurance Underwriters. They

note that Plaintiff's claims against the former are for failure "to pay within the prescribed period" and failure "to make payments that are uncontested in fact and law" while the claims against the latter are for misrepresentation of the coverage provided by the policy at issue and failure to inform Plaintiff that excess flood insurance was not included in said policy. Defendants suggest that the differences between the claims are plain: one involves contractual interpretation and well-established insurance law and coverage issues, and the other involves whether an insurance sales agency has a duty to inform the plaintiff of the coverage provided, and, if so, whether it breached that duty. They argue that the cumulation of the actions described above is improper under Louisiana law because there is not a "community of interest between the parties joined." (Def. Opp., p. 9 (citing LA. CODE CIV. PRO. art. 463 (2006)). They contend that these actions are against different companies, asserting different allegations, and arising out of different relationships, and should proceed as separate lawsuits.

In response to Plaintiff's contention that the *Schwartz* case (in which Great Northern is a defendant as well) dictates that remand is appropriate here, defendants argue that the judge in that case did not conclude that *Tapscott* was inapplicable but rather noted that "Chubb's contention that the Fifth Circuit has adopted *Tapscott's* fraudulent misjoinder analyses may have some merit." (Def. Opp., p. 8, citing (*Schwartz v. Chubb & Sons, Inc.*, No. 05CV6885, 2006 WL 980673, *4 (E.D. La. Apr. 11, 2006). They point out that the judge deferred to Louisiana courts to make the determination of whether the defendants were improperly joined under Louisiana law and noted that removal could be sought at a later date, if the defendants were found to be improperly joined. Defendants contend that while the judge in that case did not address whether

the causes of action were properly cumulated under Louisiana law, other district courts have done so and severed the claims where there is no "propriety of the joinder." (Def. Opp., p. 8 (citing *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp.2d 777, (S.D. Miss., Sept. 29, 2003)).

Like the defendants in *Smith*, 286 F. Supp. 2d 777, Great Northern and Mr. Murray have filed a motion to sever along with their opposition to this motion. They argue that there is no reason to delay the severance of the claims presented here. They suggest that the Court follow the analysis in *Smith* and maintain jurisdiction over the claims against them, the diverse defendants, rather than delay the litigation by remanding it to state court for a determination of the propriety of the joinder.

Finally, Defendants argue that Plaintiff is not entitled to Rule 11 Sanctions because the request is substantially and procedurally improper.

*B. Law and Analysis*

Pursuant to 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal court if the action is one over which the federal court would have original jurisdiction.[1] The burden of establishing federal jurisdiction is on the party seeking removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). However,

---

[1] Section 1441(a) provides in pertinent part:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

"the federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Willy*, 855 F.2d at 1164; *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Defendants contend that this court has diversity jurisdiction over this matter. Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). In the present case, the parties do not dispute that the amount in controversy requirement is met. Nor do they dispute that because there are Louisiana citizens on both sides of the litigation, complete diversity does not exist on the face of the pleadings. The latter fact, however, will not defeat diversity jurisdiction if the Louisiana defendants are fraudulently joined. *See, e.g., Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). It is the joinder of Insurance Underwriters, the only Louisiana defendant, that is at issue in this case.

1. Fraudulent Joinder

Traditionally, the 5th Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). *See also Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 259 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).

The 5th Circuit has found that in determining whether a valid claim for fraudulent joinder exists, a court "'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. General Dynamics Corporation*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Further, all ambiguities in the controlling state law must be resolved in Plaintiff's favor. *Id.* "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Id.* In determining whether there has been fraudulent joinder, a court should not consider "whether the plaintiff will actually or even probably prevail on the merits of the claim." *Id.* Rather, the court must "look only for a possibility that the plaintiff might do so." *Id.* "[I]f there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts." *B., Inc.*, 663 F.2d at 550.

Great Northern and Mr. Murray do not base their removal on either of the two traditional grounds for establishing fraudulent joinder discussed above. Rather, they maintain that the joinder of Insurance Underwriters (the non-diverse defendant) was fraudulent because Plaintiff's claims against that non-diverse party are not sufficiently related to those against the diverse defendants in accordance with the Louisiana Code of Civil Procedure, and thus the actions should not be cumulated. Therefore, this Court need not pursue the traditional fraudulent joinder analysis as Plaintiff would have the Court do. Instead, the Court must consider whether removal

9

was proper based on this third method of fraudulent joinder, known as "misjoinder," asserted by defendants.

### 2. Misjoinder as Fraudulent Joinder

The genesis of the fraudulent misjoinder theory is *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). In that case, the Eleventh Circuit found that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. *Id*. at 1360. The court explained that "'a defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). It clarified, however, that it was not holding that "mere misjoinder is fraudulent joinder." *Id.* Rather, it found that under the circumstances presented in that case, the attempt to join the parties was "so *egregious*" that it amounted to fraudulent joinder. *Id.* (emphasis added).

Plaintiff and the removing defendants dispute whether the Fifth Circuit recognizes the "fraudulent misjoinder" theory set forth in *Tapscott*. Defendants argue that "contrary to Plaintiff's assertions, courts have recognized 'that the Fifth Circuit adopted the decision in *Tapscott* and applied its fraudulent misjoinder analysis.'" (Def. Opp., p. 5 (citing *Polk v. Lifescan, Inc.*, No. 03CV020, 2003 WL 22938056, at * 5 (N.D. Miss. Sept. 22, 2003)).

The court need not resolve this dispute, as the joinder of the defendants in this case does not constitute "fraudulent joinder" even under the *Tapscott* rationale. This case is readily distinguishable from the *Tapscott* case. The court in *Jamison v. Purdue Pharma Co.*, 251 F.

10

Supp. 2d 1315, 1319 (S.D. Miss. Feb. 5, 2003) set forth the facts and holding of *Tapscott* as follows:

> [T]he plaintiff, on behalf of a putative class, filed suit in state court against four defendants, stating claims of fraud and conspiracy arising from the sale of automotive service contracts sold and financed in Alabama. Two amended complaints followed, the second adding additional plaintiffs and naming three new defendants, including Lowe's Home Centers, a North Carolina corporation.
>
> Unlike the initial and first amended complaints, which centered on automobile service contracts, the second amended complaint alleged violations arising from the sale of extended service contracts for *retail products*. These new "retail class" plaintiffs, all residents of Alabama, were indisputably diverse from Lowe's, but not from the original automotive class defendants, which included several Alabama residents. Additionally, none of the "retail class" plaintiffs stated claims against the original automotive contract defendants. Lowe's removed the case to the United States District Court for the Northern District of Alabama, claiming "fraudulent joinder," and filed a motion to sever the claims against Lowe's from the claims against the other defendants. The district court granted the motion to sever and remanded the action to state court as to all defendants except Lowe's.
>
> The plaintiffs appealed the district court's order severing the claims. The Eleventh Circuit Court of Appeals upheld the order, agreeing with the district court that a mere allegation of a common business practice was insufficient to permit joinder. The

court characterized the joinder of the *Tapscott* defendants as "improper and fraudulent, bordering on a sham.

As previously noted by another section of this court, "the joinder at issue in *Tapscott* was particularly egregious, i.e. fraudulent, because it involved an attempt to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants with no connection between the two groups." *Bright v. No Cuts Inc.*, No. 03-640, 2003 WL 22434232, at * 4 (E.D. La. Oct. 27, 2003). Here, there aren't two groups of plaintiffs suing two groups of defendants as in *Tapscott*. There is only one Plaintiff. He is suing an insurance company, one of its adjustors, and the seller of the insurance policy issued by the insurance company. Moreover, although Plaintiff alleges different grounds of recovery against these parties, he seeks recovery for the same injury- the lack of receipt of insurance proceeds to pay for the damage to his home. As noted by the *Bright* court, "[d]istrict courts in this circuit have declined to find that claims and parties have been fraudulently misjoined if there is a 'palpable connection' between the claims and parties joined." *Id.* (citing *Terrebonne Parish Sch. Bd. v. Texaco, Inc.*, No. 98-115, 1998 WL 160919, at *3 (E.D. La. Apr. 3, 1998); *Johnson v. Glaxo SmithKline*, 214 F.R.D. 416, 420 (S.D. Miss. 2002); *Ren-Dan Farms, Inc. v. Monsanto Co.*, 952 F.Supp. 370, 375 (W.D. La. 1997)). Under the circumstances of this case, it cannot be said that there is not a palpable or real connection between the claims and the parties joined. In so finding, this court does not address whether the joinder of the defendants was procedurally proper. This court only holds that the joinder of the defendants in this case, whether procedurally proper or improper, was not so

egregious as to constitute fraudulent joinder. Because there has been no fraudulent joinder, this matter must be remanded to state court. Thus, the Court does not reach the pending Motion to Sever (Rec. Doc. 12) or 12(B)(6) Motion to Dismiss Claim for Injunctive Relief and Claims Against Defendant Gerald Murray (Rec. Doc. 2), filed by Defendants Great Northern and Gerald Murray.

Finally, Plaintiff's requests for attorneys fees and Rule 11 sanctions are denied. "Absent unusual circumstances, courts may award attorney's fees under § 1447 (c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, ____ U.S. ____, 126 S.Ct. 704, 711 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). The removal in this case was not objectively unreasonable. Thus, the court declines the request to grant attorneys fees.

Furthermore, Rule 11 sanctions are not appropriate here. As Defendants Great Northern and Mr. Murray have pointed out, Rule 11 requires that a motion for sanctions "be made separately from other motions or requests . . . ." Fed. Rules Civ. Proc. 11. Plaintiff's request was not made separately from his motion to remand. Morever, even if Plaintiff had made a separate request for sanctions, they would not be warranted, as defendants have not violated Rule 11. In seeking such sanctions, Plaintiff argues that the word "fraud" shouldn't be tossed around lightly. He further argues that defendants have a duty to cite relevant cases that are adverse to it. He contends that the standard for removal in the Fifth Circuit is found in the case of *Smallwood v. Illinois Central Railroad Company*, 385 F.2d 568 (5th Cir. 2004), which Defendants did not

13

mention. Rather, he argues, Defendants relied on 11th Circuit cases, or cases that have been implicitly overruled.

The Court finds that Defendants' reliance on *Tapscott* was not in bad faith. As the court in *Schwartz* recognized, the "contention that the Fifth Circuit has adopted *Tapscott's* fraudulent misjoinder analysis may have some merit. The panel in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002) (per curiam) (*"Benjamin Moore I"*), denied a petition for a writ of mandamus. But in doing so, it cited *Tapscott* with apparent approval, stating 'it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.'" *Schwartz v. Chubb & Sons, Inc.*, No. 05CV6885, 2006 WL 980673, *4 (E.D. La. Apr. 11, 2006) (citing *In re Benjamin Moore & Co.*, 309 F.3d at 298). Thus, the Court declines to impose sanctions.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's **Motion to Remand and For Attorneys Fees and Rule 11 Sanctions (Rec. Doc. 5)** is **GRANTED IN PART AND DENIED IN PART**. It is granted insofar as this matter is being remanded to state court. It is denied in all other respects.

New Orleans, Louisiana, this 17th day of May, 2006.

Jay C. Zainey
United States District Judge